OTTS FINANCE CO. *v.* MYERS *et al.*

(Division A. Feb. 26, 1934.)

[152 So. 834. No. 31079.]

Hannah & Simrall and Stevens & Heidelberg, all of Hattiesburg, for appellant.

J. Morgan Stevens, of Jackson, and F. M. Morris, of Hattiesburg, for appellees.

**McGowen, J.**, delivered the opinion of the court.

Otts Finance Company, the appellant here, was the plaintiff in a replevin suit for the possession of an automobile, wherein it recovered an agreed judgment against Mrs. Harvey Myers, defendant in the replevin suit, and against the appellees here, the sureties on the forthcoming replevin bond of the defendant. The agreed judgment in the replevin suit against the principal and sureties on the replevin bond, in favor of the plaintiff in replevin, recited that the parties appeared in court in person and by attorneys of record and agreed to a regular judgment in favor of the plaintiff against the defendant and her sureties for the delivery of the automobile in question, valued therein at fifty dollars, or that the principal and sureties pay said sum to the plaintiff. It was further agreed that the value of the automobile at the time of the execution of the replevin bond and restoration of the property to the defendant and appellee sureties was four hundred fifty-six dollars and ninety cents, and thereupon a further agreed judgment was entered against the appellee and the sureties on her replevin bond for four hundred six dollars and ninety cents, the amount of depreciation of the automobile from the time of the execution of the bond to the date of the judgment, and costs. There was an order staying the execution and permitting installment payments on the judgment. The judgment was entered March 22, 1932. After that term of the circuit court had adjourned, execution was issued against the sureties on the defendant's bond for the amount of the money judgment and costs.

On the date of the execution of the bond, the sheriff's return shows that the automobile was valued at two hundred fifty dollars.

On September 6, 1932, after the rendition of said judgment and the adjournment of the court, the sureties filed a petition or motion in the circuit court praying

that the judgment of the court theretofore rendered be set aside, set out in detail the proceedings in the replevin suit, and that the attorneys for the plaintiff who entered into the agreement with the attorney for the defendant in replevin acted in good faith, but alleged that the attorney for the defendant did not represent the sureties, and that they were not in court. They admitted that the judgment against them had not been paid, and charged that the automobile had not depreciated anything like the sum of four hundred six dollars and ninety cents, and, in effect, that their signatures on the forthcoming replevin bond had resulted in converting the sureties into indorsers or guarantors of the defendant's debt; and then follows this allegation: ''Petitioners further aver that the said judgment was entered without the consent of the sureties, and without their being present in court or represented by counsel and without their knowledge or consent, and is, therefore, fraudulent in law, and void, and should be set aside, cancelled and held for naught, and the execution issued thereon quashed and set aside, and said cause reinstated on the docket for trial in accordance with law, justice and right.'' They prayed for a stay of execution, for an order setting aside the judgment and reinstating the case on the docket for trial. No further facts constituting fraud were alleged in the petition.

A demurrer was filed to the petition challenging the sufficiency of the allegation in law as a basis for setting aside the judgment, and was overruled by the court. The appellant declined to plead further, and the judgment was set aside as to the sureties, but not as to the principal, the defendant in the replevin suit. At a subsequent term the court ordered the case to trial as reinstated, whereupon the appellant, the plaintiff in replevin, offered the judgment of the court against the principal as to the then value of the automobile and the return of the sheriff fixing the value thereof at two hundred fifty

dollars, and rested. Thereupon the sureties requested a peremptory instruction, which was granted, and the appellant appeals here.

There are three points argued here, only one of which we shall notice, which is: "The court was in error in overruling demurrer to sureties' motion in setting aside the judgment originally entered and reinstating the cause as to the sureties." The judgment entered in this case was valid and binding on all parties, and no irregularity is alleged to exist therein; and while it was, in effect, a money judgment, the recitals of the judgment were in substantial conformity with section 3098, Code 1930, which, in terms, provides the form of judgment to be rendered in favor of a plaintiff in replevin. This case is controlled by the cases of Starling v. Sorrell, 134 Miss. 782, 100 So. 10, 11, and Federal Credit Co. v. Rogers, 166 Miss. 559, 148 So. 353, the only difference between the case at bar and the cases cited being that in those cases the money judgment was rendered for debt by agreement of the plaintiff and defendant without the assent of the sureties, and in the instant case the agreed judgment conforms to that which is required by the statute in replevin suits. In the latter case, Federal Credit Co. v. Rogers, the judgment came up to the circuit court where it was heard on a writ of certiorari from a judgment of the justice of the peace.

Counsel for appellees, the sureties, contends, however, that the petition filed by him charging fraud was a direct attack upon the judgment; therefore the court correctly set aside the judgment against the appellees and reinstated the cause on the docket. In Starling v. Sorrell, supra, there appears this quotation from 34 Cyc. 1585, 1586: "The general rule as to the conclusiveness upon the surety on a bond given in the course of legal proceedings, of a judgment against the principal, applies to a surety upon a replevin bond, and he is conclusively bound by the judgment against the principal

as to all matters which were, or might have been, litigated in the main action, although he was not served with process and did not appear and defend, and the surety cannot question the judgment upon any other ground than fraud or mistake."

In the case at bar, the appellees neither alleged nor proved any sort of fraud practiced by any one in the rendition of this judgment, unless it be their mere conclusion that the judgment agreed to by plaintiff and defendant and not assented to by the sureties in open court or otherwise could be denominated a charge of fraud. At the time the motion was filed, the six months for appeal had not expired. No fraud was charged in the petition, but simply that appellees procured from the court below a reversal of a judgment of that court after its power over the judgment had expired. There is no sounder doctrine of law established in our courts than that he who alleges fraud must state the facts upon which the fraud is based, and prove them. The court below erred in setting aside the judgment against the sureties and reinstating it.

The case will therefore be reversed and the original judgment against the principal and the sureties will be reinstated here.

Reversed, and judgment here for appellant.