531 So.2d 815 (1988)
Richard MOORE, et al. and Mississippi Farm Bureau Insurance Company
v.
JESCO, INC., AMCA International Corp. and Varco-Pruden, Inc.
No. 58031.
Supreme Court of Mississippi.
October 5, 1988.
*816 William F. Randle, Roy O. Parker & Associates, William C. Walker, Jr., University, Jimmy D. Shelton, George E. Dent, Soper, Russell, Richardson & Dent, Tupelo, for appellants.
L.F. Sams, Jr., Thomas D. Murry, Mitchell, McNutt, Bush, Lagrone & Sams, Thomas A. Wicker, Holland, Ray & Upchurch, William M. Beasley, Mitchell, Voge, Beasley & Corban, Tupelo, for appellees.
Before ROY NOBLE LEE, SULLIVAN and ANDERSON, JJ.
ANDERSON, Justice, for the Court:

I.
The plaintiffs/appellants, Mississippi poultry farmers, who bought, for use as chicken houses, thirty-eight steel buildings designed and constructed by the defendants/appellees, appeal the order of the Circuit Court of Itawamba County granting the defendants' motions for summary judgment. We affirm.

II.
The chicken houses had all been constructed by 1973. They were designed by AMCA International and Varco-Pruden, Inc., and constructed by defendant/appellee, Jesco, Inc., a construction company. The plaintiffs' complaint alleged that the buildings were defective in their design, manufacture, materials, warnings and construction. The suit was based on alternative theories of negligence, strict liability in tort, breach of contract and breach of warranties.
In a proposed amendment to their complaint against Jesco, the plaintiffs further alleged that "weld placement, absence of welds or improper welds" compromised "the structural integrity of the structure in question as to the weight bearing capacity." In an amendment to their complaint against Varco-Pruden and AMCA, the plaintiffs alleged that the design of the houses "was sub-standard and that the weight-bearing integrity of the structures in question had been severely compromised by the design."
Ms. Farm Bureau Mutual Ins. Co., which had issued policies to the owners of the chicken houses, was permitted to intervene to defend its subrogation interests. Defendant Varco-Pruden no longer does business; all of its assets having been acquired by AMCA International, which is a successor in interest. All defendants except Varco-Pruden moved for summary judgment, arguing that since the structures had all been substantially completed and occupied no later than 1973, the plaintiffs' action was barred by the ten-year statute of repose, Mississippi Code Annotated, Section 15-1-41 (Supp. 1984). The trial court granted the motions and the actions were dismissed. The appellants raise three issues on appeal.

III.
Two of these issues were addressed recently in a related case, Reich v. Jesco, Inc., 526 So.2d 550 (Miss. 1988). The appellants argue that summary judgment was *817 improperly granted because the defects were latent and, therefore, § 15-1-41 would begin to run only when the latent defects became known or should have become known.
MCA § 15-1-41, as it existed when this action was filed, stated in part:
No action may be brought to recover damages for injury to property, real or personal ... arising out of any deficiency in the design, planning, supervision or observation of construction, or construction of an improvement to real property ... against any person, firm or corporation performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property more than ten (10) years after the written acceptance or actual occupancy or use, whichever occurs first, of such improvement by the owner thereof.
The ten-year limitation period (now six year) applies in the case of deficiencies patent or latent and the time begins to run on the date of occupancy. Reich v. Jesco, 526 So.2d at 552, and cases cited therein.
The appellants next argue that § 15-1-41 violates the Mississippi Constitution and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because the statute does not protect suppliers of products. In Anderson v. Fred Wagner, etc., 402 So.2d 320 (Miss. 1981), a decision based on our state constitution, we stated:
The class of persons covered by the statute is large and we think the statute is a general law rather than local. Further, definition of the class to which the section refers is a reasonable exercise of legislative authority. Therefore, we are of the opinion that the statute is constitutional... .
Anderson, 402 So.2d at 324. The federal constitutional claim was similarly rejected in Reich v. Jesco, Inc., 526 So.2d at 553-54.

IV.
Finally, the appellants contend that the appellees are "suppliers of products" or materialmen and, as such, are not protected by the limitations period of § 15-1-41. The appellants argue that as sellers of products the appellees are subject to strict liability in tort.
In Smith v. Fluor Corp., 514 So.2d 1227 (Miss. 1987), this Court held that § 15-1-41 applied to a heat exchanger installed in a refinery because the heat exchanger was an improvement to real property rather than a product. We upheld summary judgment in favor of the defendant corporation that designed, manufactured and installed the heat exchanger. In the context of the case at bar, whether § 15-1-41 protects suppliers of products and/or materialmen becomes immaterial if the item supplied is not a product. Based on our analysis in Smith v. Flour Corp., supra, we hold that the component parts of the subject chicken houses constitute "improvements to real property" and not "products". As a matter of law, then, an action based on strict products liability will not lie and summary judgment was properly granted.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, GRIFFIN and ZUCCARO, JJ., concur.