GRIFFIS, J.,
Dissenting.
¶ 19. I respectfully dissent because I find that William and Patricia White’s (collectively “the Whites”) claims are time-barred by Mississippi Code Annotated section 15-1-41 (Rev.2003). Accordingly, I would reverse the judgment of the Madison County Circuit Court and render judgment in favor of J. Criss Builder, Inc. (“JCB”) and Janie Criss (“Criss”) dismissing the Whites’ claims.
*547 ¶ 20. JCB and Criss argue that the statute of repose began to run under section 15-1-41 on November 23, 1996, when Criss purchased the home and occupied the home. The Whites argue that the legislative intent behind section 15-1-41 is that the statute does not begin to run until the builder relinquishes access and control to a third party.
¶ 21. “It is a well[-]recognized principle of law in this State that ambiguity must exist in the language used by the Legislature in a statute before resort will be had to any rules of statutory construction or interpretation.” Forman v. Carter, 269 So.2d 865, 868 (Miss.1972). This Court must begin our inquiry with the plain language of section 15-1-41, which states, in pertinent part, that:
No action may be brought to recover damages for injury to property, real or personal, or for an injury to the person, arising out of any deficiency in the design, planning, supervision or observation of construction, or construction of an improvement to real property, and no action may be brought for contribution or indemnity for damages sustained on account of such injury except by prior written agreement providing for such contribution or indemnity, against any person, firm or corporation performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property more than six (6) years after the written acceptance or actual occupancy or use, whichever occurs first, of such improvement by the owner thereof This limitation shall apply to actions against persons, firms and corporations performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property for the State of Mississippi or any agency, department, institution or political subdivision thereof as well as for any private or nongovernmental entity.
(Emphasis added.)
¶ 22. The Whites urge this Court to look beyond the plain language of the statute to the Legislature’s intent and argue that “[s]ection 15-1-41 was intended by the [Legislature to protect architects, builders and the like who have completed their jobs and who have relinquished access and control of the improvements.” Ferrell v. River City Roofing, Inc., 912 So.2d 448, 453(¶ 18) (Miss.2005) (quoting West End Corp. v. Royals, 450 So.2d 420, 424 (Miss.1984)). The Whites stress that this Court must consider Criss to be the builder within the meaning of section 15-1-41, because she was licensed as required by Mississippi Code Annotated section 73-59-3(1) (Rev.2008), and JCB did not have a builder’s license. The Whites claim that the builder — Criss—did not relinquish control of the home until she sold it to the Whites.
¶ 23. I find that section 15-1-41 is not ambiguous when applied to a situation where a builder — Criss—builds a home for the original owner — JCB—and subsequently purchases the home. The statute does not use “relinquish control” as a test to determine whether the statute begins to run; rather, the statute states that “written acceptance or actual occupancy or use” by the owner triggers the statute. Here, Criss — even if considered the builder— purchased the completed home from JCB and actually occupied and used the home in her personal capacity.
¶ 24. While the supreme court has determined that the intent behind section 15-1-41 is to protect architects, builders and the like who have completed their jobs and who have relinquished access and control of the improvements, the statute makes no exception to the six-year statute of repose if a builder or architect subsequently ac *548 cepts, actually occupies, or uses the home. The plain language of the statute states that the statute of repose starts to run from the time of “written acceptance or actual occupancy or use, whichever occurs first, of such improvement by the owner thereof.” Miss.Code Ann. § 15-1-41. The supreme court “requires occupancy or acceptance of the building or improvement made thereon as the beginning point for the tolling of the statute of [repose].” McMichael v. Nu-Way Steel and Supply, Inc., 563 So.2d 1371, 1376 (Miss.1990). The Whites do not dispute that Criss purchased the home on November 21, 1996, and resided therein beginning on November 23, 1996, and filed for homestead exemption.
¶25. The majority, by following the Whites’ argument, creates a scenario where the statute of repose could begin to run on two different dates, depending on who the claim was against. Here, the Whites ask this Court to find that the statute of repose began to run when Criss sold the house to them, because Criss maintained control during the time that she occupied the home as her residence. But the architect who designed the home would not have maintained control over the home during Criss’s ownership and occupancy, so the statute of repose would have started at some other date with respect to the architect.
¶ 26. The majority relies on West End Corp., 450 So.2d at 424 as authority for their position that section 15-1-41 does not apply when the builder purchases the home from the original owner. There, the issue was whether the West End Corporation was liable to Robert and Judy Royals for flooding to their home due to a drainage system built and continuously owned by West End. Id. West End argued that it did not possess or control the drainage ditch because ownership had passed to the City of Hattiesburg, Mississippi. Id. The supreme court found that the drainage system had never passed to the City and stated that:
We hold that § 15-1-41 does not provide the applicable statute of limitations where the owner is the builder. We reach this result by addressing the purpose of § 15-1^41. The builder who usually no longer has control over, nor access to, the property, is absolved from liability after the proscription period; however, under the statute the owner remains responsible for the defective condition, thus insuring a plaintiff will not lose his day in court before injury ever occurs. When the builder is also the owner the distinctions which give rise to this dichotomy disappear. The builder, being the same entity as the owner, necessarily has equal access to the control over the defective condition. Consequently, a builder/owner is not within the purview of § 15-1-41.
Id. The supreme court held that the builder/owner of a drainage system was liable to a third party when the builder maintained possession and control of the drainage system from the time it was constructed until the time that the suit was filed by a third party. Id. West End is factually distinguishable from this case; there, the builder/owner never relinquished possession or control to anyone. Here, the original owner, JCB, did relinquish control to Criss in her individual capacity, and she did show actual occupancy of the home.
¶ 27. Therefore, I would not extend this exception, based on legislative intent, beyond the factual situation in West End. Instead, effect should be given to section 15-1-41, and I would hold that the statute of repose began to run when Criss purchased the home in her individual capacity from the owner — JCB—because she showed actual occupancy and use when she *549 used the home as her personal residence and applied for a homestead exemption.
ROBERTS, J., JOINS THIS OPINION.