CARLTON, J.,
for the Court:
¶ 1. Mark and Jennifer Lampkin (the Lampkins) filed suit against Tommy Thrash Construction Co., Inc. and Tommy Thrash, individually, (collectively Thrash), seeking damages for negligence and breach of warranty in the construction of *1195 their personal residence. The Rankin County Circuit Court granted Thrash’s motion to dismiss the Lampkins’ complaint as time-barred pursuant to Mississippi Code Annotated section 15-1-41 (Rev. 2003). The Lampkins now appeal, claiming the circuit court erred in granting Thrash’s motion to dismiss because an issue of material fact existed which should have been submitted to the jury. The Lampkins also claim that the circuit court erred in denying the Lampkins’ subsequent motion for reconsideration and motion to amend, stating that such a denial constituted an injustice in contradiction of Mississippi Rule of Civil Procedure 15(a). Finding no error, we affirm the judgment of the circuit court.
FACTS
¶ 2. On June 30, 1999, the Lampkins and Thrash entered into a construction agreement to build the Lampkins’ personal residence in Rankin County, Mississippi. Upon moving into their new home in February 2000, the Lampkins began noticing problems with the residence, including, but not limited to, extensive cracking inside and outside of the home, shifting, and separating of the flooring and door jams, as well as improper drainage.
¶ 3. In July 2002, Thrash retained engineers from Ewing and Ray to determine the cause of the damage to the Lampkins’ home. After performing tests on soil samples, the engineers discovered significant problems existed with the soil beneath the home. To improve the condition of the property, the engineers recommended the installation of French drains.[1]
¶ 4. In July and September 2003, Thrash again retained Ewing and Ray to install elevations and to repair the foundation on the property. In late 2007, major issues resurfaced with the home. John Ray of Ewing and Ray advised Jennifer that Thrash failed to build the home “according to code.” Ray recommended that the Lampkins install two French drains with gutters and downspout extensions and gutter screens to improve the condition. In June 2008, the Lampkins installed the drains. However, additional damage to the property occurred after the installation of the drains.
¶ 5. The Lampkins filed suit against Thrash on January 15, 2010, for negligence and breach of implied and express warranties. The Lampkins assert that they delayed filing suit until 2010 because Thrash continued to represent to the Lampkins that he would improve the property’s condition. The Lampkins claim that they detrimentally relied on Thrash’s representations.
¶ 6. Thrash filed a motion to dismiss the Lampkins’ claims based on the six-year statute of repose set forth in section 15 — 1— 41, maintaining that the Lampkins’ claims were time-barred. The circuit court granted the motion to dismiss. The Lampkins filed a motion for reconsideration and a motion to amend, which the circuit court subsequently denied. The Lampkins now appeal.
STANDARD OF REVIEW
¶ 7. This Court employs a de novo standard of review of a motion to dismiss. Scaggs v. GPCH-GP, Inc., 931 So.2d 1274, 1275 (¶ 6) (Miss.2006). “When considering a motion to dismiss, the allegations in the complaint must be taken as true[,] and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim.” Lang v. Bay St. Louis/Waveland Sch. Dist., 764 *1196 So.2d 1234, 1236 (¶ 7) (Miss.1999) (citation omitted). This Court will not disturb the findings of the trial court unless they are manifestly wrong, clearly erroneous or an erroneous legal standard was applied. Sanderson v. Sanderson, 824 So.2d 623, 625-26 (¶ 8) (Miss.2002).
DISCUSSION
I. Motion to Dismiss
¶ 8. On appeal, the Lampkins argue that the circuit court erred in granting Thrash’s motion to dismiss. The Lamp-kins submit that issues of fact exist concerning the improvements made to the property at issue, and they claim that these issues of fact should be submitted to a jury. Although the Lampkins concede that they did not file suit until January 15, 2010, they claim that Thrash continually represented to them that he would improve the property’s condition.
¶ 9. Thrash maintains that the Lamp-kins’ claims are barred by the six-year statute of repose set forth in section 15 — 1— 41, which states in pertinent part:
No action may be brought to recover damages for injury to property, real or personal, or for an injury to the person, arising out of any deficiency in the design, planning, supervision or observation of construction, or construction of an improvement to real property, and no action may be brought for contribution or indemnity for damages sustained on account of such injury except by prior written agreement providing for such contribution or indemnity, against any person, firm or corporation performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property more than six (6) years after the written acceptance or actual occupancy or use, whichever occurs first, of such improvement by the owner thereof. This limitation shall apply to actions against persons, firms and corporations performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property for the State of Mississippi or any agency, department, institution or political subdivision thereof as well as for any private or nongovernmental entity.
¶ 10. Thrash asserts that this statute invalidated the Lampkins’ claims arising out of the construction of their home. The Lampkins state that the improvements that Thrash made to the home over the years, and as recently as June 2008, fall squarely within the plain meaning of the statute. However, the Lampkins submit that the repeated performance of such improvements tolled the running of the statute of repose.
¶ 11. The Lampkins cite to Ferrell v. River City Roofing, Inc., 912 So.2d 448, 454 (¶ 15) (Miss.2005), wherein the Mississippi Supreme Court defined an “improvement” as “a valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement of waste, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes.” The Lampkins submit that the work performed on their property constituted improvements, and they contend that the work was intended to enhance the value of the property. The Lampkins claim that the last known improvement to their property was performed as recently as June 2008. The Lampkins argue that each improvement tolled the running of the statute of repose; thus, they maintain that the statute began to run no earlier than June 2008. Although the Lampkins admit that they are uncertain as to each date of performance of the improvements, they sub *1197 mit they should be allowed to engage in discovery and pursue their claims against Thrash.
¶ 12. Thrash claims that the work performed on the Lampkins’ home does not constitute an improvement according to the definition provided in Ferrell. Thrash instead maintains that all work performed on the Lampkins’ property was performed with the purpose of repairing problems allegedly caused by the initial site preparation and construction of the home, and the performance of such repairs failed to establish a new statute of repose under the language of section 15 — 1^41. Thrash points out the Lampkins stated in their amended complaint: “Due to the defects in the preparation of the construction of the home and the actual construction of the residence by [Thrash], the Lampkins’ home has been damaged and is in need of significant repairs,” not “improvements” as defined by Ferrell, 912 So.2d at 454 (¶ 15).
¶ 13. This Court finds that the facts in Ferrell are distinguishable from the case before us. The lawsuit in Ferrell arose from problems stemming from the re-roofing of an existing building — Ferrell claimed that in August 1993, River City Roofing, Inc. (River City) installed a roofing structure over two previously existing roofing structures, instead of replacing the roof. Id. at 451 (¶ 5). Ferrell alleged that he first learned of River City’s actions, which he claims were a violation of the City of Jackson’s building standards and fire code, in December 2001. Id. The circuit judge granted summary judgment in favor of River City after determining that Ferrell’s lawsuit was time-barred by the statute of limitations under section 15-1-41. Id. at 450 (¶ 2). On appeal, the supreme court in Ferrell established: “The installation of a new roof is clearly an ‘improvement to real property’” for purposes of section 15-1-41, thus tolling the statute of limitations. Id. at 454 (¶ 17). The supreme court affirmed the circuit court’s grant of summary judgment based on the determination that Ferrell’s claim was barred under the statute of repose, section 15-1-41. Id. at 458 (¶ 30). In the present case, however, Thrash performed work on the Lampkins’ property to repair problems relating to the original construction. The record shows that the Lampkins were placed on notice of these problems upon moving into the residence, yet they failed to file suit until approximately ten years later. The record supports Thrash’s assertions that all work performed on the Lampkins’ property was performed to repair problems arising from the original construction of the residence; thus, we find such work did not constitute an “improvement.” Accordingly, we hold that the statute of limitations in the present case began to run upon the Lampkins’ occupancy of the residence in February 2000.
¶ 14. The Mississippi Supreme Court has explained that a statute of repose “cuts off the right of action after a specified period of time measured from the delivery of a product or the completion of work. Statutes of repose do so regardless of the time of the accrual of the cause of action or of notice of the invasion of a legal right.” Windham v. Latco of Miss., Inc., 972 So.2d 608, 611 (¶ 5) (Miss.2008). Additionally, the supreme court has stated: “Section 15-1^41 was intended by the [Legislature to protect architects, buildersf,] and the like who have completed their jobs and who have relinquished access and control of the improvements.” W. End Corp. v. Royals, 450 So.2d 420, 424 (Miss.1984). Thrash argues that in the present case, the date of occupancy, February 2000, is the date that commenced the running of the six-year time period established by section 15 — 1—41.
*1198 ¶ 15. The Lampkins assert that in Windham, 972 So.2d at 612 (¶ 7), the supreme court carved out a narrow exception to the six-year time limit set forth in section 15-1-41, explaining that, if proven, an act of fraudulent concealment tolls the statute of repose. In discussing the applicability of equitable estoppel to statutes of repose, the supreme court in Windham further opined: “The logic supporting the availability of common-law equitable estop-pel as a remedy to bar application of a statute of repose is compelling. Equity mandates that wrongdoers should be es-topped from enjoying the fruits of their fraud.” Id. The Lampkins submit that they were unaware that their home was not built according to code until late 2007. The Lampkins claim that they should be allowed to engage in discovery in order to demonstrate the requirements of equitable estoppel, thus preventing Thrash' from benefitting from his alleged wrongdoings.
¶ 16. However, Thrash submits that the Lampkins failed to raise the argument of fraudulent concealment or equitable estop-pel in their response to Thrash’s motion to dismiss. The record shows that the Lampkins first raised the argument of fraudulent concealment in their motion for reconsideration and motion to amend the complaint. Thrash further states that although the Lampkins, in their amended complaint, claim fraudulent concealment by Thrash, the Lampkins failed to provide any factual claims in support of this claim in their pleadings, as required by Rule 9(b).[2] To prove fraud, the plaintiff is required to show by clear and convincing evidence: (1) a representation, (2) that is false, (3) that is material, (4) that the speaker knew was false or was ignorant of the truth, (5) the speaker’s intent that the listener act on the representation in the manner reasonably contemplated, (6) the listener’s ignorance of the statement’s falsity, (7) the listener’s reliance on the statement as true, (8) the listener’s right to rely on the statement, and (9) the listener’s consequent and proximate injury. In re Estate of Law, 869 So.2d 1027, 1029 (¶ 4) (Miss.2004). Thrash claims that the Lampkins had full knowledge of the foundation problems, and he asserts that he performed the repairs to the property while the Lampkins lived there. Thrash claims that even if the Lampkins had asserted their equitable estoppel argument in the circuit court pleadings, this case does not present the extraordinary circumstance where the Lampkins lacked the ability to protect themselves.
¶ 17. After reviewing the record, we find the work performed on the Lampkins’ property by Thrash after the date the Lampkins moved into their home were repairs to the property. See Smith v. Fluor Corp., 514 So.2d 1227, 1230-81 (Miss.1987). As a result, section 15-1-41 began to run the on date of occupancy of the property in February 2000, ten years before the filing of the present suit. We thus find that the Lampkins’ claim against Thrash is barred by section 15-1-41. Furthermore, our supreme court has held: “Although factual considerations may be involved in determining whether an article of property is an ‘improvement to real property,’ on the basis of the undisputed facts, they do not constitute a genuine issue of material fact which would preclude summary judgment.” Id. Therefore, we find no error in the circuit judge’s grant of the motion to dismiss in favor of Thrash after finding that no genuine issue of material fact existed.
*1199 ¶ 18. The Lampkins further argue that the circuit court erred in granting Thrash’s motion to dismiss because the determination of whether Tommy Thrash constituted an agent or the principal of Thrash Construction for purposes of liability serves as a question of fact for the jury. The Lampkins maintain that under Fonte v. Audubon Ins. Co., 8 So.3d 161 (Miss.2009), Tommy is Thrash’s principal because he possessed control and the rights of control in the construction as well as in the improvements made to the property at issue.
¶ 19. However, Thrash argues that the construction agreement referenced in the complaint was entered into by Thrash Construction; Tommy was not an individual party to the contract. Further, Thrash cites to Buchanan v. Ameristar Casino Vicksburg, Inc., 957 So.2d 969, 977-78 (¶¶ 27-28) (Miss.2007), in support of its argument that even if Tommy was a principal of Thrash, he would not be liable in the present case because a corporation possesses a legal existence separate and apart from that of its officers and shareholders. Thrash maintains that the Lamp-kins failed to present “facts sufficient to justify piercing” the corporate veil in order to hold Tommy individually liable to the Lampkins. Id. at 976 (¶ 23). We agree and find the record reflects that Tommy serves as an agent of Thrash, and not a principal. We also note that the Lampkins failed to raise a veil-piercing theory in their complaint. This issue is without merit.
II. Motion for Reconsideration and Motion to Amend
¶20. The Lampkins next argue that the circuit court erred in denying their motion for reconsideration and motion to amend their complaint. Specifically, the Lampkins claim that pursuant to Rule 15(a), they should have been permitted to amend their complaint and their first amended complaint to plead thoroughly the fraud allegations that fall within the statutory provisions. The Lampkins submit that amending their complaint would not have delayed or prejudiced Thrash; instead, it would merely have allowed the Lampkins to establish their claims of fraudulent concealment.
¶ 21. A motion for reconsideration is treated as a motion to amend the judgment pursuant to Rule 59(e) of the Mississippi Rules of Civil Procedure, and this motion must be filed within ten days from the entry of the judgment sought to be amended. To succeed on a Rule 59(e) motion, “the movant must show: (i) an intervening change in controlling law, (ii) availability of new evidence not previously available, or (iii) need to correct a clear error of law or to prevent manifest injustice.” Brooks v. Roberts, 882 So.2d 229, 233 (¶ 15) (Miss.2004). On appeal, we review a circuit court’s denial of a Rule 59 motion under an abuse-of-discretion standard. Id.
¶ 22. Thrash first argues that the circuit judge dismissed the Lampkins’ complaint with prejudice; therefore, nothing remains for the Lampkins to amend. Thrash further contends the Lampkins failed to provide the circuit court with any intervening change in controlling law, new evidence, or the need to correct any clear error that could warrant reconsideration under Rule 59(e). The Lampkins counter that they seek to amend their complaint “to achieve justice.” However, Thrash alleges that the Lampkins requested to amend their complaint to include the fraudulent-concealment claim only after the circuit court dismissed their complaint with prejudice due to the expiration of the six-year statute of repose set forth in section 15-1-41.
*1200 ¶ 23. The record reflects that the Lampkins previously alleged in their complaint and first amended complaint that Ray with Ewing and Ray advised Jennifer that Thrash failed to build the home “according to code.” In their subsequent motion for reconsideration and motion to amend, the Lampkins again cited the statement by Ray, and they also claimed they sought to amend their complaint “to allege fraud.” After reviewing the record, we find that the Lampkins’ motion for reconsideration and motion to amend failed to direct the circuit court’s attention to any new evidence not previously available in the two prior complaints, and the motions also failed to provide any errors of law or show manifest injustice. Bell, 467 So.2d at 661. We therefore find no abuse of discretion in the circuit judge’s denial of the Lampkins’ motion for reconsideration and motion to amend.
¶ 24. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR. ROBERTS, J., CONCURS IN PART AND IN THE RESULT.

. The Lampkins did not install the recommended French drains until 2008.

. Mississippi Rule of Civil Procedure 9(b): "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally.”