# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-CT-02086-SCT

*STEVE WINDHAM, JAMES E. SMITH AND*
*CHAD L. GARVIN*

*v.*

*LATCO OF MISSISSIPPI, INC. AND FABRAL,*
*INC.*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 09/30/2005 |
| TRIAL JUDGE: | HON. V.R. COTTEN |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | P. SHAWN HARRIS |
| ATTORNEYS FOR APPELLEES: | TIMOTHY D. MOORE |
| | JAMES W. SHELSON |
| | JOHN P. SNEED |
| | JUSTIN L. MATHENY |
| NATURE OF THE CASE: | CIVIL - PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND REMANDED - 01/17/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1. On writ of certiorari, this Court will consider whether an act of concealed fraud, if proven, bars the limitation applicable to actions arising from deficiencies in construction or improvements to real property found in Mississippi Code Annotated Section 15-1-41 (Rev. 2003), commonly referred to as a statute of repose.

**FACTS**

¶2.    Neither party contests the following factual summary of the Mississippi Court of

Appeals:

> Choctaw Maid Farms, Inc., a poultry processor, undertook an expansion
> project in 1995 that necessitated its farmers construct housing for the
> additional chickens Choctaw would require given the resultant increase in
> post-expansion production.  The houses were designed and manufactured by
> Fabral, Inc., and Latco of Mississippi, Inc. acted as the general contractor
> during the construction of each of the plaintiffs' poultry houses. . . .
>
> [Chicken farmers James] Smith and [Chad] Garvin each contracted with Latco
> to build the poultry houses utilizing a new roofing system called grand beam
> design, which was developed and manufactured by Fabral.  In August 1995
> four houses were completed for Smith.  Garvin's four houses were completed
> the following year in the summer of 1996. [Chicken farmer Steve] Windham's
> houses were completed in 1996 as well, but he did not purchase them until
> 1998.  Following completion of the houses, Windham's houses were occupied
> in January 1996, Smith's in July or August 1995 and Garvin's during the
> summer of 1996.  Subsequently, Windham discovered that his newly designed
> roofs were leaking in January 1999, Smith during the summer of 1997, and
> Garvin in December 1999.
>
> Following repeated unsuccessful attempts to correct the problem causing the
> leaks,[1] Windham, Garvin, and Smith retained counsel in early 2003.  At least
> two engineering firms were then hired to determine the cause of the leaks and
> other damage the chicken houses were experiencing.  After receiving reports
> from the engineering firms detailing their findings, Windham, Garvin, and
> Smith filed suit on May 17, 2004, in the Circuit Court of Scott County.  After
> several rounds of depositions and other discovery, Fabral filed a motion for
> summary judgment on April 4, 2005.  Soon after, on May 20, 2005, Latco filed
> its motion for summary judgment.  After Windham, Garvin, and Smith filed
> their response, a motions hearing was held on June 1, 2005, in the Circuit
> Court of Scott County.  After due consideration of the issues, the lower court
> entered its judgment granting the appellees' motions for summary judgment
> on October 4, 2005.  The court found that both Fabral and Latco were subject
> to Mississippi Code Annotated Section 15-1-41 and that the plaintiffs' claims
> were filed outside of the six-year time frame of the statute of repose.  Finally,

---

[1]This Court notes that negligent repair was not raised as an issue.

2

in dismissing the plaintiffs' claims, the trial court found that because a claim of fraudulent concealment does not toll the statute of repose,[2] their claims were barred. From this judgment, the plaintiffs appeal[ed].[3]

***Windham v. Latco of Mississippi, Inc.***, 2007 Miss. App. LEXIS 49 at *1-4 (Miss. Ct. App. February 6, 2007). The Court of Appeals unanimously affirmed the granting of summary judgment, concluding that:

> [i]t is clear from section 15-1-67 that a successful claim of fraudulent concealment does set the date of accrual of the underlying cause of action to the time that it was, or should have been, discovered. Furthermore, the applicable statute of limitations for the underlying cause of action may be tolled to the date complying with section 15-1-67. It is equally clear that the six year limitation of section 15-1-41 is not affected by the date of accrual, and, by extension, not tolled by section 15-1-67. Therefore, as we stated in ***Baldwin*** [***v. Holliman***, 913 So. 2d 400, 409 (Miss. Ct. App. 2005)], *a successful claim of fraudulent concealment does not toll the statute of repose.* As it is undisputed that the plaintiffs' claims were filed more than six years after the chicken houses were occupied, such claims are *barred*.

***Windham***, 2007 Miss. App. LEXIS at *10-11 (emphasis added).

## ISSUE

¶3.   This Court will consider:

(1) Whether an act of fraudulent concealment, if proven, will bar application of the statute of repose found at Mississippi Code Annotated Section 15-1-41 (Rev. 2003).

## ANALYSIS

¶4.   "This Court applies a de novo standard of review to the trial court's grant of summary judgment." ***Moss v. Batesville Casket Co.***, 935 So. 2d 393, 398 (Miss. 2006) (citing ***Stuckey***

---

[2]The circuit court found that "a claim of fraudulent concealment, even if proven, *cannot* toll a statute of repose, specifically § 15-1-41 . . . ." (Emphasis added).

[3]At present, Fabral is the only remaining defendant.

3

*v. Provident Bank*, 912 So. 2d 859, 864 (Miss. 2005)). A motion for summary judgment "shall" be granted by a court "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). Furthermore, the "application of a statute of limitation is a question of law to which a de novo standard also applies." *Sarris v. Smith*, 782 So. 2d 721, 723 (Miss. 2001) (citing *ABC Mfg. Corp. v. Doyle*, 749 So. 2d 43, 45 (Miss. 1999)).

¶5.     Mississippi Code Annotated Section 15-1-41 states, in pertinent part, that:

> *[n]o action may be brought* to recover damages for injury to property, real or personal, or for any injury to the person, *arising out of any deficiency* in the design, planning, supervision or observation of construction, or construction of an improvement to real property . . . against any person, firm or corporation performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property *more than six (6) years after the written acceptance or actual occupancy or use, whichever occurs first, of such improvement by the owner thereof*.

Miss. Code Ann. § 15-1-41 (Rev. 2003) (emphasis added). This Court previously has referred to this as a "statute of repose." *See Ferrell v. River City Roofing, Inc.*, 912 So. 2d 448, 452 (Miss. 2005); *McIntyre v. Farrell Corp.*, 680 So. 2d 858, 858 (Miss. 1996); *Rector v. Miss. State Highway Comm'n*, 623 So. 2d 975, 977 (Miss. 1993); *Moore v. Jesco, Inc.*, 531 So. 2d 815, 816 (Miss. 1988); *Anderson v. Wagner*, 402 So. 2d 320, 321 (Miss. 1981). This Court has stated that "[a] statute of limitation is distinguishable from a statute of repose in the sense that the latter 'cuts off the right of action after a specified period of time measured from the delivery of a product or the completion of work. [Statutes of repose] do so regardless of the time of the accrual of the cause of action or of notice of the invasion of

4

a legal right.'" ***Evans v. Boyle Flying Service, Inc.***, 680 So. 2d 821, 827 n. 4 (Miss. 1996) (quoting ***Universal Engineering Corp. v. Perez***, 451 So. 2d 463, 465 (Fla. 1984)).  In Mississippi, however, this may be a distinction without a difference, as the successful plea of either a statute of limitation or a statute of repose commands the same conclusion.  Specifically, Mississippi Code Annotated Section 15-1-3 states, in pertinent part, that "[t]he completion of the period of limitation prescribed to bar any action, *shall defeat and extinguish the right as well as the remedy*."  Miss. Code Ann. § 15-1-3 (Rev. 2003) (emphasis added).[4]

¶6.    This Court first notes that victims of fraud have common-law remedies available, depending upon the context.  One remedy, "older than the country itself," is that of estoppel, which is rooted in "the maxim that no man may take advantage of his own wrong."  ***Glus v. Brooklyn E. Dist. Terminal***, 359 U.S. 231, 232-34, 79 S. Ct. 760, 762-63, 3 L. Ed. 2d 770, 772-73 (1959).  The United States Supreme Court previously has provided that:

> courts of law in modern times have introduced the doctrine of equitable estoppels, or, as it is sometimes called, estoppels *in pais*.  The principle is that where one party has by his representations or his conduct induced the other party to a transaction to give him an advantage which it would be against equity and good conscience for him to assert, he would not in a court of justice be permitted to avail himself of that advantage. . . . [T]he general doctrine is well understood and is applied by courts of law as well as equity where the technical advantage thus obtained is set up and relied on to defeat the ends of justice or establish a dishonest claim.

***Ins. Co. v. Wilkinson***, 80 U.S. 222, 233, 20 L. Ed. 617, 622-23 (1872).  *See also* ***Ins. Co. v. Mowry***, 96 U.S. 544, 547-48, 24 L. Ed. 674, 676 (1878) ("[t]he doctrine of estoppel is

---

[4]This statute applies to *both* statutes of limitation and statutes of repose contained in Title 15, Chapter 1.

applied with respect to representations of a party, to prevent their operating as a fraud upon one who has been led to rely upon them.").  In other words, the principle giving rise to the remedy of equitable estoppel is that a wrongdoer is not entitled to enjoy the fruits of his fraud.  This Court has stated that:

> [e]quitable estoppel is "defined generally as the principle by which a party is precluded from denying any material fact, induced by his words or conduct upon which a person relied, whereby the person changed his position in such a way that injury would be suffered if such denial or contrary assertion would be suffered if such denial or contrary assertion was allowed."

*Dubard v. Biloxi H.M.A., Inc.*, 778 So. 2d 113, 114 (Miss. 2000) (quoting *Koval v. Koval*, 576 So. 2d 134, 137 (Miss. 1991)).  To establish equitable estoppel, which "should only be used in exceptional circumstances and must be based on public policy, fair dealing, good faith, and reasonableness[,]" *Powell v. Campbell*, 912 So. 2d 978, 982 (Miss. 2005) (citing *PMZ Oil Co. v. Lucroy*, 449 So. 2d 201, 206 (Miss. 1984)), there must be "(1) belief and reliance on some representation; (2) a change of position as a result thereof; and (3) detriment or prejudice caused by the change of position."  *B.C. Rogers Poultry, Inc. v. Wedgeworth*, 911 So. 2d 483, 492 (Miss. 2005) (citing *Cothern v. Vickers, Inc.*, 759 So. 2d 1241, 1249 (Miss. 2000)).

¶7.	The Georgia Court of Appeals addressed the applicability of equitable estoppel to a statute of repose in *Esener v. Kinsey*, 240 Ga. App. 21, 522 S.E.2d 522 (1999), finding that:

> if the evidence of defendant's fraud or other conduct on which the plaintiff reasonably relied in forbearing the bringing of a lawsuit is found by the jury to exist, then the defendant, under the doctrine of equitable estoppel, is estopped from raising the defense of the statute of ultimate repose. *The statute of repose is not tolled by fraud, but fraud, instead, gives rise to the doctrine of equitable estoppel, which prevents the defendant from asserting the defense of the statute of repose, because his or her own wrongful conduct gave rise to the*

6

*defense and prevented the plaintiff from exercising reasonable diligence to learn the nature and cause of the injury attributable to the defendant and from bringing suit.*

*Since fraud does not toll the statute of repose but may give rise to equitable estoppel of the defendant to raise the defense of the statute of repose, the plaintiff must have acted diligently for equitable estoppel to be available, after the fraud was first discovered or should have been discovered. This is generally a jury issue.*

*Id*. at 23 (citations omitted) (emphasis added). While there is state-to-state division "over whether a plaintiff can invoke the doctrine of equitable estoppel to defeat a statute of repose defense[,]" ***Tidemann v. Schiff, Hardin & Waite, et al.***, 2005 U.S. Dist. LEXIS 5607 at *15-16 (N.D. Ill. February 14, 2005) (citations omitted), the application of the equitable estoppel remedy has been affirmed in multiple jurisdictions. *See **Sanders v. Gray, Inc.***, 2007 N.C. App. LEXIS 1125 at *8 (N.C. Ct. App. June 5, 2007); ***Stark v. Mercantile Bank, N.A.***, 29 Kan. App. 2d 717, 724, 33 P.3d 609 (2001); ***Tidemann***, 2005 U.S. Dist. LEXIS 5607 at *16-17. The logic supporting the availability of common-law equitable estoppel as a remedy to bar application of a statute of repose is compelling. Equity mandates that wrongdoers should be estopped from enjoying the fruits of their fraud.

¶8. The Court of Appeals' opinion addressing the interplay, or lack thereof, between Mississippi Code Annotated Sections 15-1-41 and 15-1-67 requires a separate analysis. Mississippi Code Annotated Section 15-1-67 provides that:

*[i]f* a person liable to any personal action shall *fraudulently conceal the cause of action* from the knowledge of the person entitled thereto, the *cause of action* shall be deemed to have *first accrued at*, and not before, *the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered*.

7

Miss. Code Ann. § 15-1-67 (Rev. 2003) (emphasis added). In opining that fraudulent

concealment cannot toll Mississippi Code Annotated Section 15-1-41, the lower court cited

*Reich v. Jesco, Inc.*, 526 So. 2d 550 (Miss. 1988) and *Baldwin*.[5] In *Baldwin*, the Court of

Appeals opined that "Section 15-1-41, a statute of repose, begins to run at occupancy.

Fraudulent concealment does not toll a statute of repose. *See Reich*, 526 So. 2d at 552."

*Baldwin*, 913 So. 2d at 409. A close examination of the *Reich* opinion reveals that it sets

forth no such proposition. Regarding Mississippi Code Annotated Section 15-1-41, *Reich*

stated that "[t]he statute[6] incorporates a policy judgment that at the end of ten years[7]

following actual occupancy contractors such as Jesco are entitled to close their books on the

chicken house project." *Reich*, 526 So. 2d at 552. However, the Court of Appeals' opinion

failed to address that this Court then considered Reich's fraudulent-concealment claim and

concluded that he "has failed to establish the existence of a genuine issue of material fact on

the issue of fraudulent concealment." *Id*. at 553. Likewise, in *Ferrell*, this Court was again

presented with the opportunity to declare that fraudulent concealment could not bar

application of Mississippi Code Annotated Section 15-1-41. *See Ferrell*, 912 So. 2d at 456.

Once again, rather than so finding, this Court concluded that "there are no facts to support

---

[5]The "Judgment Sustaining Motions for Summary Judgment" of the circuit court does not specifically mention either *Reich* or *Baldwin*. However, the "Unsigned, Unpublished Advisory Opinion" of the circuit court, "incorporated herein" to that judgment provides that the answer to the tolling question "lies within a correct interpretation of two cases, to wit: [*Reich* and *Baldwin*]."

[6]Referred to in *Reich* as a "statute of limitation." *Reich*, 526 So. 2d at 552.

[7]Since amended to six years. *See* Miss. Code Ann. § 15-1-41 (Rev. 2003).

Ferrell's argument regarding fraud." *Id*. One year later, the Court of Appeals recognized the issue was unresolved in a post-*Baldwin* decision, stating:

> [i]n one case, the issue that fraudulent concealment would toll the running of this statute of repose was not resolved because no authority was cited. [*Ferrell*, 912 So. 2d at 456]. The court nonetheless examined whether there was any evidence of such concealment and found none. *Id*. at 456-57. Still not having any clear authority, we also move on to whether there is any evidence that Bradley concealed something relevant to the claims against him.

*Estes v. Bradley*, 954 So. 2d 455, 463 (Miss. Ct. App. 2006). This Court finds that the consideration of the fraudulent concealment arguments in *Reich* and *Ferrell* were not mere "exercise[s] benefitting academia concerning the merits of a fraudulent concealment claim[,]" *Windham*, 2007 Miss. App. LEXIS at *7-8, or cases of simply "describing the plaintiff's arguments without applying them to this statute[,]" *Estes*, 954 So. 2d at 465, but rather, substantiated a fraudulent-concealment exception to the statute of repose found in Mississippi Code Annotated Section 15-1-41. To the extent that the Court of Appeals previously has held otherwise in *Windham*, *Estes*, and *Baldwin*, those decisions are expressly overruled.

¶9. In so finding, this Court notes that "'fraudulent concealment of a cause of action tolls its *statute of limitations*.' *Robinson v. Cobb*, 763 So. 2d 883, 887 (Miss. 2000) (quoting *Myers v. Guardian Life Ins. Co. of America, Inc.*, 5 F. Supp. 2d 423, 431 (N.D. Miss. 1998)) (emphasis added). This Court went on to say that '[t]he fraudulent concealment doctrine 'applies to any cause of action.'' *Id*." *Channel v. Loyacono*, 954 So. 2d 415, 423 (Miss. 2007). The language of Mississippi Code Annotated Section 15-1-3 extends to both statutes of limitations and statutes of repose in Title 15, Chapter 1. As fraud can never be sanctioned, we conclude that the Legislature intended that the fraudulent-concealment

9

exception of Mississippi Code Annotated Section 15-1-67 applies to the statute of repose in Mississippi Code Annotated Section 15-1-41. If fraudulent concealment is proven,[8] equity mandates that the tortfeasor be barred from benefitting from the statute of repose in Mississippi Code Annotated Section 15-1-41.

¶10.    In reaching this conclusion, this Court agrees with the circuit court's assessment in its "Unsigned, Unpublished Advisory Opinion" of being "ha[r]d pressed to believe that absolutely under no circumstances could a party be entitled to relief if fraud be shown. In that broad legal spectrum that would seem to be abhorrent to public policy."[9] Wrongdoing ought not be shielded if fraudulent concealment can be proven. *See Jones v. Rogers*, 85 Miss. 802, 836-37, 38 So. 742, 747-48 (1904) (overruled on other grounds by *Kennedy v. Sanders*, 90 Miss. 524, 539-40, 43 So. 913, 915 (1907)) (an action is barred, *concealed frauds excepted*, in ten years after the right of action accrued, whether the defendant has or has not been in the adverse possession of the land). Just as statutes of limitation are tolled by fraudulent concealment, *see Channel*, 954 So. 2d at 423, this Court finds that application

---

[8]This Court notes that a high standard exists for proving fraudulent concealment. Specifically, under the two-part test:

> the party purporting that there has been fraudulent concealment must show that "(1) some affirmative act or conduct was done and prevented discovery of a claim, and (2) . . . due diligence was performed on their part to discover it." [*Stephens v. Equitable Life Assurance Soc'y of U.S.*, 850 So. 2d 78, 84 (Miss. 2003)]. The affirmative act must in fact be designed to prevent the discovery of the claim. *Robinson*, 763 So. 2d at 887 (quoting [*Reich*, 526 So. 2d at 552]).

*Channel*, 954 So. 2d at 423.

[9]However, the circuit court further noted that "there may be a difference between garden variety fraud and fraudulent concealment."

10

of a statute of repose in Mississippi Code Annotated Section 15-1-41 is barred by fraudulent concealment. This holding is consistent with the legislative exception and still allows architects, contractors, and engineers who do not fraudulently conceal the cause of action "to close their books" at the conclusion of the repose period.[10] **Reich**, 526 So. 2d at 552.

¶11. In shaping the parameters of a fraudulent-concealment exception to Mississippi statutes of repose, this Court finds the reasoning of the New Mexico Supreme Court helpful. In **Tomlinson v. George**, 138 N.M. 34, 116 P.3d 105 (2005), the New Mexico Supreme Court considered:

> whether the fraudulent concealment doctrine equitably tolls[11] the statute of repose, NMSA 1978, § 41-5-13 (1976),[12] so as to permit Tomlinson to file a malpractice action more than three years after the alleged act of malpractice in light of the fact that she was aware of the act four months into the three-year period and thus had approximately two years and eight months within which to file her claim.

**Id**. at 106. While noting that "the plain language of Section 41-5-13 requires a claim to be filed within three years of the occurrence of the negligent act and that Section 41-5-13 operates as a statute of repose[,]" the Court found a fraudulent concealment exception

---

[10]Any argument that this holding will "upset the economic balance struck by the legislative body[,]" **First United Methodist Church of Hyattsville v. United States Gypsum Co.**, 882 F. 2d 862, 866 (4th Cir. 1989), is fallacious. The economic balance is not disturbed if the only way to defeat the prescriptive period is by a legislatively-approved attack. *See* Miss. Code Ann. § 15-1-67.

[11]This Court notes that the statute of repose is actually not tolled, but rather is barred from application, in cases of fraudulent concealment. *See* **Esener**, 240 Ga. App. at 23.

[12]Section 41-5-13 provided, in pertinent part, that "no claim for malpractice arising out of an act of malpractice . . . may be brought against a health care provider unless filed within three years after the date that the act of malpractice occurred." NMSA 1978, § 41-5-13.

11

existed. *See id*. at 108, 110. In elaborating upon the dimensions of that exception, the Court

announced that:

> [i]f a plaintiff demonstrates th[e] requirements, then the equitable principle of fraudulent concealment tolls Section 41-5-13. We conclude that [***Kern ex rel. Kern v. Saint Joseph Hospital, Inc.***, 102 N.M. 452, 697 P.2d 135 (1985)] provides authority for a day-to-day tolling of the statute of repose: "If tolled by fraudulent concealment, the statute commences to run again when the patient discovers, or through the exercise of reasonable diligence should have discovered, the malpractice." ***Kern***, 102 N.M. at 456, 697 P.2d at 139.
>
> We also reaffirm, however, that *the statute of repose is not tolled if the patient knew, or through the exercise of reasonable diligence should have known, of his or her claim within the statutory period. We cannot exercise the equitable principle of fraudulent concealment and deny the defendant's reliance upon Section 41-4-13 where the plaintiff knew of the cause of action within the statutory period. In such circumstances, the defendant's actions did not prevent the plaintiff from pursuing the claim. . . . We believe this expresses the balance required in equity between not allowing a defendant to benefit from fraudulent concealment that prevents a plaintiff from filing a claim while continuing to require the plaintiff to exercise ordinary diligence in pursuit of his or her cause of action*. The tolling of the statute based on equitable estoppel is meant to provide the plaintiff with a fair opportunity to pursue his or her cause of action set against the context of "the specific decision by the legislature to insulate qualified health care providers from the much greater liability exposure that would flow from a discovery-based accrual date" the "most notable benefit of qualification." [***Cummings v. X-Ray Associates of New Mexico***, 1996 NMSC 35, 121 N.M. 821, 918 P.2d 1321 (1996)].

***Tomlinson***, 116 P.3d at 114-15 (emphasis added).[13] Similarly, this Court finds that

application of Mississippi Code Annotated Section 15-1-41 is not barred if the fraudulent

concealment was known, or with due diligence could have been discovered, within the six-

year repose period. *See* ***Channel***, 954 So. 2d at 423. This holding balances the denial of

---

[13]Ultimately, the Court concluded that "Tomlinson's cause of action is barred by Section 41-5-13 because she knew of her cause of action and had over two years and eight months during the statutory period in which to file her claim." *Id*. at 115.

12

repose protection to architects, contractors, and engineers who engage in fraudulent concealment, while requiring plaintiffs to exercise due diligence in pursuing their causes of action. *See Tomlinson*, 116 P.3d at 114-15.

¶12. The circuit court conceded that it "has not discussed to any degree . . . the question of whether the Plaintiffs could prove the element[s] of fraudulent concealment even if such a defense would lie against a statute of repose." As the circuit court's determination was restricted by the legal conclusion that fraudulent concealment would not toll or bar application of Mississippi Code Annotated Section 15-1-41, this Court finds that conclusion erroneous as a matter of law. Under either an equitable-estoppel theory or the fraudulent-concealment exception of Mississippi Code Annotated Section 15-1-67, this Court concludes that application of Mississippi Code Annotated Section 15-1-41 may be barred. Therefore, we reverse and remand this case to the Circuit Court of Scott County to determine whether genuine issues of material fact related to fraudulent concealment exist. *See* Miss. R. Civ. P. 56(c).

## CONCLUSION

¶13. Accordingly, the decisions of the Court of Appeals and the Circuit Court of Scott County are reversed and this case is remanded to the Circuit Court of Scott County for action consistent with this opinion.

¶14. **REVERSED AND REMANDED.**

**SMITH, C.J., WALLER AND DIAZ, P.JJ., EASLEY, CARLSON, DICKINSON AND LAMAR, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY.**

13