KITCHENS, Justice,
dissenting:
¶ 33. Because I would reverse the trial court’s grant of summary judgment to Clark Sand Company, Inc. (Clark Sand), I respectfully dissent.
¶ 34. Florida statutory law provides that unknown claims against a dissolved corporation .are “barred unless the claimant commences a proceeding to enforce the claim against the dissolved corporation within 4 years after the date of filing the notice with the Department of State or the date of the second consecutive weekly publication .... ” Fla. Stat. Ann. § 607.1407. Mississippi statutory law provides that unknown claims against dissolved corporations are “barred unless the claimant commences a proceeding to enforce the claim against the dissolved corporation within the lesser of three (3) years after the publication date of the newspaper notice, or any other applicable limitations period established by applicable law .... ” Miss. Code Ann. § 79-4-14.07(c) (Rev.2013).
¶ 35. The majority is correct in finding that the Florida corporate-survival statute is not in conflict with Mississippi’s corporate-survival statute. See Zurich American Ins. Co. v. Goodwin, 920 So.2d 427, 432 (Miss.2006) (“Choice of law analysis arises only when there is a true conflict between the laws of two states, each having an interest in the litigation.”) Williams asserts that the substantive Florida corporate-survival statute conflicts in this case with the procedural Mississippi statute of limitations found in Mississippi Code Section 15-1-49(2), which provides that “[i]n actions for which no other period of limitation is prescribed and which in *814 volve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.” Miss. Code Ann. § 15-1-49(2) (Rev.2012). But in the context of products liability cases, Florida, as does Mississippi, recognizes a latent-injury exception: “ ‘[Manifestation’ of a latent injury in a products liability claim occurs when the plaintiff is on notice of a causal connection between exposure to the allegedly defective product and the resultant injury.” R.J. Reynolds Tobacco Co. v. Webb, 93 So.3d 331, 335 (Fla. 1st Dist.Ct.App.2012) (quoting Barnes v. Clark Sand Co., Inc., 721 So.2d 329, 332 (Fla. 1st Dist.Ct.App.1998)).
¶ 36. The majority states that, “where another state’s law creates a right of action and places limits on that action, it is not controlled by Mississippi’s statute of limitations,” Maj. Op. ¶ 19 (citing Louisville & Nashville R.R. Co. v. Dixon, 168 Miss. 14, 150 So. 811 (1933)). Dixon involved an administratrix of an estate who sought workers’ compensation benefits under the applicable Louisiana workers’ compensation statute. Dixon, 150 So. at 811. This Court found that the cause of action had become extinct because Louisiana’s substantive law, pursuant to which relief was sought, was not extended by Mississippi’s procedural statute of limitations. Id. at 813. The present case is distinguishable from Dixon because, unlike in that case, relief was not sought pursuant to the Florida corporate-survival statute. Here, the defendants moved for summary judgment on the basis of the Florida corporate-survival statute, and the Circuit Court of Jackson County agreed and applied it.
¶37. The majority further finds that Florida law should apply to this case: “[t]o the extent that a conflict ostensibly does exist, the authorities point to application of Florida law.” Maj. Op. ¶20. With respect, I disagree. The majority bases its determination solely on the Restatement (Second) Conflict of Laws: “[t]he Restatement (Second) Conflict of Laws provides in Section 299 that a corporation’s existence is determined by the laws of the state of incorporation.” Maj. Op. ¶ 18 (citing Restatement (Second) Conflict of Laws § 299 (Am.Law.Inst.1971)). When faced with a eonflict-of-laws analysis, this Court has applied the “choice of law principles now generally advanced in Restatement (Second) of Conflict of Laws (1971).” Newman v. Newman, 558 So.2d 821, 823 (Miss.1990) (citations omitted). It is true that Section 299 provides that “[t]he local law of the state of incorporation determines the method of terminating or suspending corporate existence;” however, Section 299 also provides that:
Primarily for the purpose of saving local creditors from the inconvenience of having to present their claims in the state of incorporation, statutes sometimes provide that foreign corporations which own things or do business in the state can sue, and remain subject to suit, in the corporate name for a period after their existence has terminated or suspended. Even if there is no similar statute in the state of incorporation, such a statute will permit suit to be brought in the state of enactment to wind up the corporation’s business in that state or to proceed against corporate property there.
Restatement (Second) of Conflict of Laws § 299(2) cmt. (Am.Law.Inst.1971) (emphasis added). Clark Sand was incorporated and dissolved pursuant to the laws of Florida. But Section 299 contemplates suits initiated for the purpose of winding up corporate business, for the purpose of proceeding “against corporate property there,” and for the purpose of “saving local creditors from the inconvenience of having to present their claims in the state of *815 incorporation.” Those rationales for the application of local law of the state of incorporation are not relevant to the present lawsuit.
¶ 38. Assuming, as does the majority, that a conflict of laws exists, Section 299 does not contemplate tort claims against the corporation after the dissolution and the expiration of the statutory corporate-survival period. Section 145 of the Restatement governs tort claims and provides the following:
(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.
[[Image here]]
Id. at § 145. Section 6 provides that:
(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
(a) the needs of the interstate and international systems,
(b) the relevant policies of the forum,
(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of the law to be applied.
Id. at § 6. According to longstanding precedent of this Court, “[i]n determining which State’s law to apply, Mississippi relies on the ‘center of gravity’ doctrine of the Restatement,” and therefore applies
the law of the place which has the most significant relationship to the event and parties or which, because of the relationship or contact with the events and parties, has the greatest concern with the specific issues with respect to the liabilities and rights of the parties to the litigation.
Goodwin, 920 So.2d at 433 (quoting Mitchell v. Craft, 211 So.2d 509, 510 (Miss.1968)).
¶ 39. Here, the alleged injury, exposure to harmful silica dust, occurred in Jackson County, Mississippi. Clark Sand actively did business in Mississippi, the conduct which allegedly caused Williams’s exposure to Clark Sand’s product. Williams is a resident of Alabama. Clark Sand was incorporated and dissolved in Florida, though it actively conducted business in Mississippi. With regard to the place where the relationship was centered, the product of Clark Sand which allegedly caused injuiy to Williams was used by him in Mississippi. Therefore, applying Section 145 of the Restatement and the precedent of this Court to the facts of the present case, Mississippi has the most significant relationship to the occurrence and parties, and was therefore the “center of *816 gravity” of events giving rise to the litigation. The State of Mississippi has a strong interest in protecting those who are employed within its borders.
¶ 40. Under Mississippi law, the question of whether the corporate-survival statute is tolled in the context of latent injuries remains unanswered. The corporate-survival statute, which extends the right to file suit to a fixed and definite point after corporate dissolution, is akin to a statute of repose. Statutes of repose, according to this Court, “ ‘cut[ ] off the right of action after a specified period of time .... ’ ” Windham v. Lateo of Mississippi, Inc., 972 So.2d 608, 611 (Miss.2008) (quoting Evans v. Boyle Flying Serv., Inc., 680 So.2d 821, 827 n. 4 (Miss.1996)). In Windham, this Court considered “[w]hether an act of fraudulent concealment, if proven, will bar application of the statute of repose found in Mississippi Code Annotated Section 16-1-41 (Rev.2003).”[5] Windham, 972 So.2d at 610. We opined that, “[a]s fraud can never be sanctioned, we conclude that the Legislature intended that the fraudulent-concealment exception of Mississippi Code Annotated Section 15-1-67[6] applies to the statute of repose in Mississippi Code Annotated Section 15-1-41.” Id. at 614. Windham is analogous to the present case. The latent-injury discovery rule of Mississippi Code Section 15-1-49(2) should be applied to the statute of repose extending corporate life beyond dissolution. The effect of corporate dissolution is not so broad as to render unavailable a remedy to individuals suffering from an injury which was latent until after the extinguishment of the repose period. That result is too harsh to justify. Under Mississippi law, Williams’s claim ought to have survived summary judgment.
¶ 41. But even assuming arguendo that Florida law applies in this case, it seems that Williams’s claim survives summary judgment. The Florida Supreme Court considered a case involving latent “lung disease (silicosis) from exposure to silica dust emanating from the sand used in sandblasting operations.” Pulmosan Safety Equip. Corp. v. Barnes, 752 So.2d 556, 557 (Fla.2000). The Florida Supreme Court ruled that “in a products liability action where the now-defunct statute of repose is still applicable, the latent injury exception remains viable so that the statute of repose will not extinguish the plaintiffs cause of action if his or her injuries are latent and undiscoverable within the repose period.” Id. at 559. So, even applying Florida law, which formed the basis for the trial court’s grant of summary judgment to Clark Sand in this case, the trial court erred.
*817 ¶ 42. Absent a determination by this Court that our discovery rule was inapplicable in the context of the corporate-survival statute, application of Mississippi law would not offend the relevant policies and relative interests of Florida in protecting plaintiffs suffering from latent injuries from strict application of repose periods.
¶ 48. For the reasons stated, I would reverse the judgment of the Circuit Court of Jackson County granting summary judgment to Clark Sand and would remand the case for trial.
KING, J., JOINS THIS OPINION.

. No action may be brought to recover damages for injury to property, real or personal, or for an injury to the person, arising out of any deficiency in the design, planning, supervision or observation of construction, or construction of an improvement to real property, and no action may be brought for contribution or indemnity for damages sustained on account of such injury except by prior written agreement providing for such contribution or indemnity, against any person, firm or corporation performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property more than six (6) years after the written acceptance or actual occupancy or use, whichever occurs first, of such improvement by the owner thereof.
Miss.Code Ann. § 15-1-41 (Rev.2012) (emphasis added).

. If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.
Miss.Code Ann. § 15-1-67 (Rev.2012)