ISHEE, J.,
for the Court:
¶ 1. This case stems from the divorce action between Janna Harris and Winston Harris that began in 1994. Following years of litigation, Janna filed a motion for relief from judgment on April 23, 2008, in the Hinds County Chancery Court, alleging that Winston had committed fraud on the court. She sought relief from two prior judgments, dating back to 2000 and 2007. The chancery court ultimately dismissed Janna’s motion due to lack of service of process on Winston. Janna filed a motion for reconsideration, which was also denied. Aggrieved, Janna appeals.
STATEMENT OF FACTS
¶ 2. Janna and Winston were married on June 4, 1984, in Houston, Texas. On November 3, 1994, Janna was granted a divorce on the ground of adultery . and awarded periodic alimony. Janna was also awarded full custody of the couple’s then seven-year-old son, Trevor.
¶ 3. Following their divorce, numerous post-trial motions were filed by both Janna and Winston. The motions filed by Janna were efforts to procure awards due to her by Winston pursuant to the final divorce *1256 judgment. Winston filed motions for modification of the final divorce judgment. Between 1995 and 2000, several orders and judgments were entered addressing these motions. In November 1999, the chancery court reduced Janna’s alimony. The chancery court further reduced Winston’s obligations to both Janna’s alimony and child support in January 2000. Aggrieved, Winston appealed and Janna cross-appealed.
¶ 4. On February 3, 2004, this Court reversed and remanded the judgment on two issues, finding: (1) there was strong evidence that Winston may have been in contempt of court; and (2) Janna should be awarded attorney’s fees if Winston were found to be in contempt of court.[1] In all other aspects, the judgment was affirmed. Following this Court’s judgment, a special judge was appointed to the case at the trial level in 2007. A hearing was conducted and a judgment was entered on November 1, 2007.
¶ 5. Subsequently, Janna filed a motion for reconsideration or a new trial, and Winston filed a motion for contempt. Both motions were addressed by an order entered on November 19, 2007. In that order, the chancery court found “that the tasks assigned by remand from the Court of Appeals [have] been accomplished and that this matter is now ready for appeal to the Supreme Court of Mississippi.... ” On November 29, 2007, Janna filed another motion for reconsideration, which was also denied.
¶ 6. On April 23, 2008, Janna filed a motion with the trial court alleging that Winston was guilty of committing fraud on the court. She requested that the prior judgments from January 2000 and November 2007 be set aside pursuant to Rule 60(b) of the Mississippi Rules of Civil Procedure. Janna did not take any further action of record until 2011. In September 2011, Janna filed a supplemental motion raising the same issues in her April 2008 motion pursuant to Rule 60(b), as well as requesting arrearages, attorney’s fees, and reinstatement of alimony.
¶ 7. On February 6, 2012, in an effort to expedite proceedings, the chancery court requested written briefs from both parties summarizing their respective positions. Winston’s attorney responded on February 16, 2012, asserting the chancery court lacked jurisdiction to hear Janna’s motion because Winston was not served properly pursuant to Mississippi Rule of Civil Procedure 81(d). Janna responded in March 2012 and requested additional time, which was granted. On April 4, 2012, Janna filed a motion to suspend the briefing schedule, to award attorneys fees, to offer records as self-authenticating, or alternatively, to file an interlocutory appeal. Winston replied, asking the chancery court to dismiss the motion as being non-responsive to the court’s February directive.
¶ 8. Janna filed another motion in April 2012, requesting sanctions, an immediate update of all fraudulently supplied financial information, a finding of contempt, an appointment of a special master for the restraint of the sale or transfer of any asset, and to establish the requirement that any filings or correspondence be copied to her by email. In this motion, Janna maintained that since her issue with Winston was the result of “ongoing contempt,” Rule 81(d) was inapplicable. On April 25, 2012, Janna submitted a letter setting forth a summary of the issues.
¶ 9. On May 16, 2012, the chancery court dismissed Janna’s motion. In this order, the chancery court found that a summons pursuant to Rule 81(d)(2) was required to revive the matter against Win *1257 ston. Since there was no summons, the chancery court found that Janna’s complaints filed in April 2008 and September 2011 should be dismissed without prejudice due to a lack of compliance with Mississippi Rule of Civil Procedure 4(h) for failure to serve the summons and complaint on Winston within 120 days.
¶ 10. Janna then filed several motions, including motions for reconsideration and recusal. Each of Janna’s motions focused on the chancery court’s order of dismissal dated May 16, 2012. The motion for recu-sal was denied on July 6, 2012. On August 31, 2012, the chancery court denied Janna’s motion for reconsideration. Janna requested farther hearing and to set aside the order denying her motion for reconsideration, which was also denied. Aggrieved, Janna now appeals the denial of her motion for reconsideration.
DISCUSSION
¶ 11. “A motion for reconsideration is treated as a motion to amend the judgment pursuant to Rule 59(e) of the Mississippi Rules of Civil Procedure[.]” Lampkin v. Thrash, 81 So.3d 1193, 1199 (¶ 21) (Miss.Ct.App.2012). In order “[t]o succeed on a Rule 59(e) motion, ‘the mov-ant must show: (i) an intervening change in controlling law, (ii) availability of new evidence not previously available, or (iii) need to correct a clear error of law or to prevent manifest injustice.’ ” Id. (quoting Brooks v. Roberts, 882 So.2d 229, 233 (¶ 15) (Miss.2004)). This Court reviews the “denial of a Rule 59 motion under an abuse-of-discretion standard.” Id.
¶ 12. On appeal, Janna challenges the chancery court’s denial of her motion to reconsider the judgment dismissing her motion pursuant to Rule 60(b). Rule 60(b) provides:
(b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(1) fraud, misrepresentation, or other misconduct of an adverse party;
(2) accident or mistake;
(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
(6) any other reason justifying relief from the judgment.
The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken.
Appellate courts will reverse the denial of a Rule 60(b) motion “only upon a showing of abuse of discretion.” Harrison v. McMillan, 828 So.2d 756, 773 (¶ 51) (Miss.2002). In considering Rule 60(b) motions, “a balance must be struck between granting a litigant a hearing on the merits with the need and desire to achieve finality in litigation.” Id.
¶ 13. After a review of the record, we cannot find that the chancery court abused its discretion in dismissing Janna’s motion for relief from judgment or denying her motion for reconsideration. In the final judgment, the chancery court provided detailed findings of fact and conclusions of law. Janna’s motion for relief from judgment was dismissed without prejudice solely for her failure to serve Winston with *1258 a summons and complaint. The chancellor acknowledged that' if a summons and complaint were served properly on Winston, she would continue to preside as special judge pending the refiling of Janna’s requests for relief.. The chancellor allowed for Janna to correct her failure to properly serve Winston and refile her requests for relief. . Finding no error, we affirm the chancery court’s judgment.
¶ 14. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., BARNES, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. GRIFFIS, P.J., AND JAMES, J., NOT PARTICIPATING.

. Harris v. Harris, 879 So.2d 457, 463-466 (¶¶ 25-39) (Miss.Ct.App.2004).